IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUEL BAEZ, | No. 4:21-CV-00728 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| C.O. HENRY, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**APRIL 11, 2022**

## I.    BACKGROUND

Plaintiff, Manuel Baez ("Baez" or "Plaintiff"), an inmate currently confined in the Forest State Correctional Institution, ("SCI-Forest"), Marienville, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983.[1] The action proceeds via an amended complaint.[2] Baez complains of events which occurred at his prior place of confinement, SCI-Rockview.[3] The named Defendants are the following SCI-Rockview employees: Correctional Officers Henry and Conklin and Unit Manager Knapp.[4] Plaintiff's seeks compensatory and punitive damages for Defendants' alleged failure to protect him from an assault by another inmate, and the use of excessive force, in violation of his Eighth and

---

[1] Doc. 1.
[2] Doc. 33.
[3] *Id.*
[4] *Id.*

Fourteenth Amendment rights.[5]

On January 3, 2022, Defendants moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Baez' Fourteenth Amendment claim because his claims arise under the Eighth Amendment, which is the more specific constitutional provision.[6] The motion is fully briefed and is ripe for disposition. For the reasons set forth below, Defendants' motion will be granted.

## II. ALLEGATIONS IN COMPLAINT

In November 2020, Baez was on the restricted release list ("RRL") and housed in a maximum-security cell.[7] On November 11, 2020, Baez alleges that another prisoner was cleaning the unit in front of Correctional Officer Conklin, at which time the prisoner threatened Baez and Conklin laughed and mocked Baez's alleged speech impediment.[8] Baez does not specify the nature of any alleged threat.

On November 15, 2020, Correctional Officer Henry opened the door to Baez's cell so he could clean his cell.[9] Baez alleges that the prisoner who had been threatening him was in the vicinity, and Baez "rushed to [the] door [of his cell]"[10] Baez alleges that as he "turnt [sic] around", the other prisoner hit him with a broom

---

5   *Id*.
6   Doc. 43.
7   Doc. 33.
8   *Id*.
9   *Id*.
10  *Id*.

2

stick and a fight ensued between these inmates.[11]  During the fight, C.O. Henry tackled Baez and wrapped his legs around Baez' body and bent his back backwards, which Baez claimed caused him to lose consciousness.[12]

Plaintiff files the instant action asserting constitutional claims arising under the Eighth and Fourteenth Amendments.[13]  For relief, Baez seeks $100,000 for pain and suffering and to be removed off "RRL lockdown status."[14]

### III.   RULE 12(b)6 STANDARDS OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[15]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[16]  A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17]

---

[11]  *Id.*
[12]  *Id.*
[13]  *Id.*
[14]  *Id.*
[15]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[16]  *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)).
[17]  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[18]

> Under the pleading regime established by [*Bell Atl. Corp. v.] Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.[19]

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.[20] At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful."[21] Deciding whether a claim is plausible is a "context-specific task that

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").
[19] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted).
[20] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).
[21] *Id.* at 681.

4

requires the reviewing court to draw on its judicial experience and common sense."[22]

## IV. DISCUSSION

Defendants move for dismissal of Plaintiff's Fourteenth Amendment substantive due process claim because the Eighth Amendment is the more specific origin of Plaintiff's claims.[23]

The Due Process Clause of the Fourteenth Amendment to the United States Constitution contains both procedural and substantive protections.[24] The substantive component of the Due Process Clause safeguards against certain deprivations of individuals' "life, liberty, and property" by state actors "regardless of the fairness of the procedures used to implement them."[25]

A substantive due process claim, however, cannot be maintained when the alleged constitutional violation is "covered by a specific constitutional provision, such as the Fourth or Eighth Amendment."[26] In such situations, the claim must be analyzed under the rubric of the more specific constitutional provision rather than substantive due process,[27] an "unchartered area" with "scarce and open-ended"

---

[22] *Id.*
[23] Doc. 43.
[24] *See generally* U.S. Const. amend. XIV, § 1.
[25] *L.R. v. Sch. Dist. Of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).
[26] *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 447 (3d Cir. 2020) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)).
[27] *Id.*

guideposts.[28]  The "more-specific-provision rule" will often apply when the challenged conduct underlying the substantive due process claim is the same conduct that implicates a more explicit constitutional provision.[29]

Baez' substantive due process claim cannot circumvent the more-specific-provision rule.  The allegations underlying his Eighth Amendment failure-to-protect and excessive force claims are identical to his substantive due process averments.  Thus, because Baez' substantive due process allegations are already covered under the Eighth Amendment, the Court will dismiss Plaintiff's due process claims under the Fourteenth Amendment.

## V.   CONCLUSION

Based on the foregoing, Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claim in favor of the more-specific provision rule is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[28]  *Collins*, 503 U.S. at 125.
[29]  *See Porter*, 974 F.3d at 448.